IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS MORGEN and DONNA MORGEN, | ) | |
| | ) | 2:05-cv-1751-GEB-GGH |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The status (pretrial scheduling) conference scheduled in this case for December 12, 2005, is vacated since the Joint Status Report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' Joint Status Report ("JSR") and available dates.

SERVICE OF PROCESS

No further service of process is permitted, except with leave of Court, good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

DISCOVERY

In the JSR, the parties requested "leave to serve 40 interrogatories rather than 25, because detailed contention interrogatories are required to frame the discretionary function defense and the causation analysis."  Pursuant to the parties' request, each party may serve no more than forty (40) interrogatories.[1]  Fed. R. Civ. P. 26(b)(2).

(a)  All discovery shall be completed by November 22, 2006.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before June 22, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before July 24, 2006.

---

[1]  In the JSR, the parties also request "permission to exceed 10 depositions, since that number appears to be insufficient in this case." However, the request does not indicate how many additional depositions, if any, are needed.  A request to conduct additional depositions shall be directed to the Magistrate Judge assigned to this case, see infra note 2, and shall be determined according to Federal Rule of Civil Procedure 26(b)(2), not the good cause standard of Federal Rule of Civil Procedure 16(b).

[2]  The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

1                      <u>MOTION HEARING SCHEDULE</u>

2           The last hearing date for motions shall be January 22, 2007,

3 at 9:00 a.m.[3]

4           Motions shall be filed in accordance with Local Rule 78-

5 230(b).  Opposition papers shall be filed in accordance with Local

6 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>

7 <u>consent to the motion and the Court may dispose of the motion</u>

8 <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).

9 Further, failure to timely oppose a summary judgment motion may result

10 in the granting of that motion if the movant shifts the burden to the

11 nonmovant to demonstrate a genuine issue of material fact remains for

12 trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

13           Absent highly unusual circumstances, reconsideration of a

14 motion is appropriate only where:

15           (1)  The Court is presented with newly discovered evidence

16 that could not reasonably have been discovered prior to the filing of

17 the party's motion or opposition papers;

18           (2)  The Court committed clear error or the initial decision

19 was manifestly unjust; or

20           (3)  There is an intervening change in controlling law.

21 A motion for reconsideration based on newly discovered evidence shall

22 set forth, in detail, the reason why said evidence could not

23 reasonably have been discovered prior to the filing of the party's

24 motion or opposition papers.  Motions for reconsideration shall comply

25 with Local Rule 78-230(k) in all other respects.

26

27        ————————————

28      [3]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1   The parties are cautioned that an untimely motion

2   characterized as a motion in limine may be summarily denied.  A motion

3   in limine addresses the admissibility of evidence.

4   FINAL PRETRIAL CONFERENCE

5   The final pretrial conference is set for March 19, 2007, at

6   2:30 p.m.  The parties are cautioned that the lead attorney who WILL

7   TRY THE CASE for each party shall attend the final pretrial

8   conference.  In addition, all persons representing themselves and

9   appearing in propria persona must attend the pretrial conference.

10  The parties are warned that non-trialworthy issues could be

11  eliminated sua sponte "[i]f the pretrial conference discloses that no

12  material facts are in dispute and that the undisputed facts entitle

13  one of the parties to judgment as a matter of law." Portsmouth Square

14  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

15  The parties shall file a JOINT pretrial statement with the

16  Court not later than seven (7) days prior to the final pretrial

17  conference.[4]  The joint pretrial statement shall specify the issues for

18  trial.  The Court uses the parties' joint pretrial statement to

19  prepare its final pretrial order and could issue the final pretrial

20  order without holding the scheduled final pretrial conference.  See

21  Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

22  requirement that the court hold a pretrial conference.").  The final

23  pretrial order supersedes the pleadings and controls the facts and

24

25      [4]   The failure of one or more of the parties to participate in

26  the preparation of any joint document required to be filed in this case
    does not excuse the other parties from their obligation to timely file

27  the document in accordance with this Order.  In the event a party fails
    to participate as ordered, the party or parties timely submitting the

28  document shall include a declaration explaining why they were unable to
    obtain the cooperation of the other party.

1  issues which may be presented at trial.  Issues asserted in pleadings
2  which are not preserved for trial in the final pretrial order cannot
3  be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
4  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
5  pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
6  <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
7  issue omitted from the pretrial order is waived, even if it appeared
8  in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
9  (D.D.C. 1995) (refusing to modify the pretrial order to allow
10  assertion of a previously-pled statute of limitations defense);
11  <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
12  (indicating that "[a]ny factual contention, legal contention, any
13  claim for relief or defense in whole or in part, or affirmative matter
14  not set forth in [the pretrial statement] shall be deemed . . .
15  withdrawn, notwithstanding the contentions of any pleadings or other
16  papers previously filed [in the action]").

17       <u>If possible, at the time of filing the joint pretrial</u>
18  <u>statement counsel shall also email it in a format compatible with</u>
19  <u>WordPerfect to: geborders@caed.uscourts.gov.</u>

20                          <u>SETTLEMENT CONFERENCE</u>

21       No settlement conference is currently scheduled.  The
22  parties shall address in their joint pretrial statement whether they
23  wish to have a judge-assisted settlement conference.  If counsel wish
24  the Magistrate Judge to act as settlement judge, written stipulations
25  to this effect which waive the judge's disqualification from later
26  acting as the discovery judge must be filed prior to the scheduling of
27  the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish
28

1  to participate in Court-assisted settlement prior to the final

2  pretrial conference, they should contact the Deputy Clerk.

3                          TRIAL SETTING

4          Trial is set for June 12, 2007, commencing at 9:00 a.m.

5                          MISCELLANEOUS

6          The parties are reminded that pursuant to Federal Rule of

7  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

8  **not be modified except by leave of Court upon a showing of good cause.**

9  **Counsel are cautioned that a mere stipulation by itself to change**

10 **dates does not constitute good cause.**

11          IT IS SO ORDERED.

12 DATED:  December 6, 2005

13                                    /s/ Garland E. Burrell, Jr.
                                     GARLAND E. BURRELL, JR.
14                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28