IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DONNA MORGEN,                    )
                                 )   2:05-cv-1751-GEB-GGH
              Plaintiff,         )
                                 )
      v.                         )   ORDER*
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Defendant.         )
                                 )
```

Defendant United States of America moves for dismissal of Plaintiff's Complaint[1] under Federal Rule of Civil Procedure 12(b)(1)[2] for lack of jurisdiction, arguing Plaintiff's claims are barred by the discretionary function exception to the Federal Tort Claims Act ("FTCA"); or, in the alternative, for summary judgment, and moves for dismissal of the Department of the Navy as a Defendant in this FTCA

---

[*] This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] On November 17, 2006, Plaintiff Donna Morgen informed the Court that Plaintiff Dennis Morgen had passed away and that the case should proceed with the surviving Plaintiff.  The caption has been changed to reflect this.

[2] All references to "Rules" are to the Federal Rules of Civil Procedure.

1

1  action.[3]  Since "the United States is the only proper party defendant
2  in an FTCA action," the Department of the Navy is dismissed.[4]  Kennedy
3  v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

BACKGROUND

Plaintiff seeks recovery for personal injuries and loss of consortium stemming from Dennis Morgen's ("Morgen") asbestos-caused mesothelioma.  (Pl.'s Compl. ¶¶ 1, 7.)  Plaintiff asserts that while Morgen worked at Puget Sound Naval Shipyard ("PSNS") he was exposed to asbestos products and asbestos-related materials which caused him to develop mesothelioma.  (Id. ¶ 7.)  Morgen worked there from March 1963 through October or November 1963.  (Id. ¶ 4.)

Morgen's job at PSNS consisted of testing communications equipment aboard Navy ships.  (Pl.'s Statement of Facts ("Pl.'s SF") ¶ 19.)  This job required Morgen to spend up to twenty-five hours a week on board ships and to participate in three sea-trials each lasting two to three nights.  (Id. ¶¶ 19, 25, 26.)  Morgen's duties included working in the compartment housing the electronics equipment, climbing through hatches, and traversing catwalks, which took him through virtually the entire length of the ship.  (Id. ¶ 23.)  Morgen did not handle or use asbestos or asbestos-containing materials as part of his job, nor did he see anyone using asbestos or asbestos-containing materials.  (Def.'s Ex. O, at 107.)

---

[3] In addition, Plaintiff moved to strike Defendant's untimely Reply brief; however, since the Reply brief is not relied on in this order, this issue is not reached.

[4] This dismissal is reflected in the caption.

DISCUSSION

I.  Motion to Dismiss Standard

Rule 12(b)(1) allows a party to seek dismissal of a claim for lack of subject matter jurisdiction. "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989). "With a [rule] 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005).

II.  Motion to Dismiss Analysis

"The FTCA's waiver of immunity is limited by a number of exceptions.  One of these is the discretionary function exception . . . [which] exempts from liability any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Bear Medicine v. United States, 241 F.3d 1208, 1213 (9th Cir. 2001). "It is the government's burden to demonstrate the applicability of the discretionary function exception." Whisnant v. United States, 400 F.3d 1177, 1181 (9th Cir. 2005). "The Supreme Court has established a two-prong test for determining the applicability of the discretionary function exception." Bibeau v. P. N.W. Research Found., Inc., 339 F.3d 942, 945 (9th Cir. 2003) (citing United States v. Gaubert, 499 U.S. 315, 324-25 (1991)). "First, we ask whether the alleged wrongful conduct violated a specific and mandatory regulation or statute.  If so, the conduct is outside the

realm of discretion.  If there is no mandatory regulation or statute involved, we then ask whether the conduct was susceptible to being based upon social, economic, or political policy."  Bibeau, 339 F.3d at 945 (internal citations omitted).  "[T]he basis for the discretionary function exception was Congress' desire to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  Id. (internal quotation marks omitted).

  A. Violation of a Specific and Mandatory Regulation or Statute

    Defendant asserts that "in 1963 there were no mandatory statutes, regulations, or policies prescribing specific courses of action for PSNS to take regarding asbestos exposure."  (Def.'s Mot. at 17:6-7.)  Plaintiff counters "the Navy's failure to warn workers of - or protect them against - the hazard posed by the ubiquitous asbestos-containing shipyard dust ***was***, in fact, governed by applicable policies or regulations."  (Pl.'s Opp'n at 16:11-13.)

    Defendant submits the declaration of industrial hygienist Roger Beckett, who later became responsible for all industrial hygiene activities for the Navy in the Pacific Northwest region, in which he declares that "[i]n 1963, PSNS did not have any specific and mandatory rules or regulations covering asbestos removal and installation."[5]

---

[5] Plaintiff argues that Beckett should be precluded from testifying because he was not disclosed as a percipient or expert witness.  This argument is unavailing because Defendant disclosed Beckett pursuant to Rule 26(a)(2) and Beckett has not been retained as an expert.  Plaintiff also argues there is no evidence Beckett is testifying from personal knowledge.  This argument is also unavailing since Beckett's declaration clearly sets forth the basis for his personal knowledge.  Beckett declares he "worked as a civilian employee of the Navy at the [PSNS]" in 1963 and that his division "was responsible for establishing safety rules and making on the job safety
(continued...)

4

(Def.'s Ex. I ¶ 10.)  He further declares that although the Navy's Bureau of Medicine had issued a recommendation that exposure to asbestos be kept below a certain threshold minimum, the recommendation was purely advisory.  (Id.)  In addition, he declares the Manual of Safety Rules, which contained general guidelines for safe working conditions, provided no recommendations for those who did not work directly with asbestos.  (Id. ¶ 11.)  Plaintiff argues the Manual of Safety Rules which suggests wearing "dust type or air-fed respirators for . . . handling insulating materials" and "organic vapor type or air-fed respirator[s] when exposed to . . . dust, fumes, or vapor" was a mandatory regulation.  (Pl.'s Opp'n at 16:18-23.)

The Manual of Safety Rules does not mention asbestos and its introduction states it is merely a booklet of "commonly agreed-on practices for working together safely."  (Def.'s Ex. I-E at II.) Therefore, Plaintiff has submitted no evidence contradicting Defendant's evidence that there were no mandatory regulations regarding asbestos exposure in 1963.  Defendant has satisfied the first prong of the discretionary function exception test.

B. Conduct Susceptible to Being Based upon Social, Economic, or Political Policy

Defendant argues the decision to not warn or protect workers who were not working directly with asbestos-containing materials falls

---

[5](...continued)
inspections." (Beckett Decl. ¶¶ 1-2.)  Further, Plaintiff argues that Beckett's opinions are inadmissible because they "are not rationally based on his perceptions, are not helpful to a clear understanding of the statements he makes in his declaration and/or are based on scientific, technical or other specialized knowledge." (Pl.'s Objs. at 3:20-22.)  This argument is also unavailing since Plaintiff makes no specific argument about any of Beckett's statements in his declaration and why they are not based on his perception, not helpful, or based on scientific, technical, or specialized knowledge.

1  within the discretionary function exception because "the plethora of
2  competing health hazards at PSNS" created a situation that made this
3  decision "susceptible to policy analysis." (Def.'s Mot. at 17:19-22.)
4  Plaintiff rejoins, citing Whisnant, for the proposition that "the
5  discretionary function exception has no application when the
6  government's conduct pertains solely to health-and-safety concerns,
7  which are divorced from any social, economic or political policy
8  analysis." (Pl.'s Opp'n at 17:11-13.)

However, the Ninth Circuit, in Whisnant, stated that the discretionary function exception applies where the government faces "[c]omplex decisions about . . . allocation of limited resources among competing safety-promoting tasks." 400 F.3d at 1184; see also United States v. S.A. Empresa De Viacao Aerea Rio Grandense, 467 U.S. 797, 820 (1984) (stating the discretionary function exception applies to "decisions [that] require the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained against such practical considerations as staffing and funding"). Defendant submits uncontroverted evidence that there were many safety hazards at PSNS and that as a result of these competing safety hazards, Defendant focused on "known risks" and determined the safety priority "was for people working directly with asbestos; not persons indirectly exposed." (Beckett Decl. ¶¶ 4, 6.) Therefore, Defendant's decision, made under these circumstances, was susceptible to policy analysis.

Plaintiff further argues that since the government made "no decision to forego warning bystanders of the hazard posed by the ubiquitous asbestos dust present at its shipyard, . . . the government has not exercised 'discretion' in any sense of the word." (Pl.'s

Opp'n at 20:9-12.)  Defendant counters "it is settled law that the 'susceptible to policy analysis' standard means that no conscious decision need be established."  (Def.'s Mot. at 16:9-10.)

The Ninth Circuit has expressly rejected the argument that "the discretionary function exception cannot apply in the absence of a conscious decision," stating that "[i]f the decision to issue or not to issue a warning is within the discretionary function exception, then logically the failure to consider whether to issue one necessarily falls within the exception as well." <u>Kennewick Irrigation Dist. v. United States</u>, 880 F.2d 1018, 1028 (9th Cir. 1989) (internal quotation marks omitted).  Therefore, Plaintiff's argument on this point is unpersuasive.

CONCLUSION

For the stated reasons, the discretionary function exception bars Plaintiff's claims and therefore, Defendant's motion to dismiss this action for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.

Dated:  July 13, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge